ELDER DEMPSTER S. S. CO. v. EARN LINE S. S. CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 167.

SHIPPING (§ 49*) — CONSTRUCTION OF CHARTER — DISPATCH MONEY — LAY DAYS FOR DISCHARGING.

Where a charter party which expressly provided, "Lay days at port of discharge to commence 24 hours after steamer's entry at custom house," and "Steamer to pay charterers * * * dispatch * * * for each lay day not used at discharging port," the lay days, for the purpose of computing dispatch money earned, do not commence until the expiration of 24 hours from the vessel's entry, although she may commence discharging at once.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 49.*

Deductions and offsets from charter hire of vessel, see note to Tweedie Trading Co. v. George D. Emery Co., 84 C. C. A. 254.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court adjudging the amount of dispatch money to be paid by shipowners to charterers upon discharge in the port of Havana. The opinion of the District Court is reported in 163 Fed. 868.

Horace L. Cheyney, for appellant.
Ralph James M. Bullowa, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The charter party contains the following clauses:

"Consignees to receive cargo at port of discharge at the rate of not less than 400 tons of coal per running day, Sundays and legal holidays excepted. Lay days at port of discharge to commence 24 hours after steamer's entry at custom house, and steamer to work at night, if required."

"Steamer to pay charterers or their agents dispatch at the rate of * * * for each lay day not used at discharging port."

The steamship arrived at Havana on December 27th at 8:30 a. m., was entered at the custom house at 10 a. m. of the same day, and discharge commenced at once. The only question in the case is whether the lay days began when the charterers commenced to discharge, December 27th, or on December 28th at 10 a. m., 24 hours after entry at the custom house.

The parties to the contract have explicitly, and without any reservation or proviso, provided that they shall begin 24 hours after entry. We find no force in the suggestion that the words "if required" refer to any other clause than that providing that the vessel shall work at night. It would seem that the express written agreement of the parties should control. The District Judge did not discuss the point, merely stating that:

"The libelant's view seems to be correct and sustained by the authorities. The Cyprus (C. C.) 20 Fed. 144; The Katy, L. R. Prob. Div. 1895, 56; and Leary v. Talbot, 160 Fed. 914, 88 C. C. A. 96."

In none of these cases was there an express stipulation of the character we have here. In Leary v. Talbot, which was an opinion of this court, there was a provision for "customary dispatch at port of discharge" which made applicable a rule of the Maritime Exchange. This rule was quoted in part and briefly discussed; but there was no controversy as to the beginning of the lay days, and no consideration of the effect of an express stipulation specifically providing for their beginning irrespective of any custom of the port.

In the case at bar we think the written agreement controls, and that the calculation should have been made in conformity with that provision of the contract.

The decree is reversed, with costs, and instructions to decree in conformity with this opinion.